## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JERRY WIMBERLY,

        Plaintiff,

vs.                                   No. CIV 03-0871 JB/KBM

THE CITY OF CLOVIS, a
municipality existing under the
laws of the State of New Mexico,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment, filed April 15, 2004 (Doc. 18). The primary issue is whether the Plaintiff, Jerry Wimberly, has established a genuine issue of material fact with respect to his claims against the Defendant, City of Clovis (the "City"), for constitutional violations and breach of contract. Because the Court finds that Wimberly has not established a genuine issue of material fact with respect to his federal claims under 42 U.S.C. § 1983, it will grant the City's motion with respect to these federal constitutional claims. Because the remaining claim for breach of contract involves interpretation of state law and application of that law to the City's policies and procedures, the Court will decline to exercise its supplemental jurisdiction and will remand the breach of contract claim to state court.

### FACTUAL BACKGROUND

Wimberly was a police officer for almost ten years with the Clovis Police Department between March 1992 and September 2001. He served a one year probationary period, during which time he was an at-will employee. He successfully completed the probationary period and became a permanent

employee of the City of Clovis subject to its written policies and procedures.

During his employment with the City, Wimberly engaged in unauthorized use of a satellite TV access card belonging to DirecTV.  The Police Department initiated an investigation regarding illegal use of access cards among its officers.   During that investigation, Wimberly provided a written statement to the Police Department admitting that he had illegally used a DirecTV access card for at least some period of time.  Following the investigation, the Department reported the results to DirecTV and/or its agents.  Wimberly was one of the officers about whom the Department released information regarding the illegal use of access cards.  The Department also disciplined several officers involved in such illegal use.  The Department communicated at least some information regarding discipline to DirecTV.  The parties dispute whether the information the Department released was confidential.

## PROCEDURAL BACKGROUND

Wimberly filed his complaint against the City on June 19, 2003.  See Civil Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 and Breach of Contract, filed in the Ninth Judicial District Court for the State of New Mexico, attached to Notice of Removal, filed July 24, 2003 (Doc. 1).  In his Complaint, Wimberly asserts claims against the City for violation of his constitutional rights to privacy, procedural due process, and substantive due process.  He also asserts a claim for breach of contract under state law.  The City has moved for summary judgment on all of Wimberly's claims, contending that it is entitled to summary judgment because Wimberly does not have any protected constitutional interest and has not established a claim for breach of contract.  The Court held a hearing on this matter on June 23, 2004.

## SUMMARY JUDGMENT STANDARDS

Under rule 56, any party may move for summary judgment. See Fed. R. Civ. P. 56(a) and (b). The moving party initially carries the burden of pointing out to the trial court that there is an absence of evidence to support the nonmoving party's case, although the moving party "need not affirmatively negate the nonmovant's claim in order to obtain summary judgment." Allen v. Muskogee, Oklahoma, 119 F.3d 837, 840 (10th Cir. 1997)(citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986), cert. denied, 528 U.S. 1148 (1998)).  Once the movant has met this burden, the nonmoving party must go beyond the pleadings and show that a genuine issue of material fact exists that would require a trial. The nonmoving party may not avoid summary judgment by resting upon only the allegations or denials in the pleadings. See Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The Court must grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In ruling on a summary judgment motion, the Court examines the factual record and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  See Allen v. Muskogee, Oklahoma, 119 F.3d at 839-40.  The Court's role in deciding a motion for summary judgment is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  See Ulissey v. Shvartsman, 61 F.3d 805, 808 (10th Cir. 1995).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. at 247-48 (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248 (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, at 93-95 (1983)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.

## LEGAL ANALYSIS

Wimberly asserts that the City violated his constitutional right to privacy, and deprived him of his property and liberty interests by denying him procedural and substantive due process. Each of Wimberly's § 1983 claims requires the existence of a constitutionally protected liberty or property interest. Because the Court finds that Wimberly did not possess any protected liberty or property interests, it will grant the City's motion for summary judgment on Wimberly's § 1983 claims. Because the remaining claim involves only state law issues, the Court will remand that claim to state court.

## I.   WIMBERLY DOES NOT HAVE A CONSTITUTIONAL RIGHT TO PRIVACY IN HIS CRIMINAL ACTIVITY OR DISCIPLINE.

Wimberly asserts that he has a constitutionally protected right to privacy with respect to his admission that he illegally used a DirecTV access card and to the information concerning any discipline that the City imposed upon him for that conduct. With respect to Wimberly's admission

that he engaged in illegal use of an access card, he has not directed the Court's attention to any authority in support of the proposition that he enjoyed a right to privacy that restrained the City's freedom to communicate that information to the victim of Wimberly's illegal behavior. Moreover, it does not appear from the record that the City disclosed specific information concerning Wimberly's discipline.

The United States Court of Appeals for the Tenth Circuit has indicated that "'[m]ere allegations that an official failed to abide by state law will not suffice to state a constitutional [privacy] claim. The disclosed information itself must warrant constitutional protection.'" Stidham v. Peace Officer Standards And Training, 265 F.3d 1144, 1155 (10th Cir. 2001)(quoting Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir.1995))(bracketed portions added by Stidham court). "For such information to warrant protection, it must be 'highly personal or intimate.'" Stidham v. Peace Officer Standards And Training, 265 F.3d at 1155 (quoting Nilson v. Layton City, 45 F.3d at 372). Thus, Wimberly's allegations that the City violated internal police procedures regarding confidentiality when it disclosed information to DirecTV does not establish that Wimberly had a constitutional right to privacy. The Court must evaluate whether the disclosed information itself warranted constitutional protection.

In determining whether Wimberly had a constitutionally protected privacy right with regard to the disclosed information, the Court "must consider, (1) if the party asserting the right has a legitimate expectation of privacy [in that information], (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." Stidham v. Peace Officer Standards And Training, 265 F.3d at 1155 (quoting Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981))(bracketed portions added by Stidham court). The

Court "need not address the second and third factors if the first is not met." Stidham v. Peace Officer Standards And Training, 265 F.3d at 1155 (quoting Falvo v. Owasso Indep. Sch. Dist. No. I-011, 233 F.3d 1203, 1209 (10th Cir. 2000)).  Thus, the primary question is whether Wimberly had a legitimate expectation of privacy in the information regarding his illegal activity.

It is undisputed that the information at issue concerned illegal activity.  And although that information may be sensitive in nature and may stigmatize Wimberly, it is not constitutionally protected.  The Tenth Circuit has stated that "a validly enacted law places citizens on notice that violations thereof do not fall into the realm of privacy, and [c]riminal activity is thus not protected by the right to privacy." Stidham v. Peace Officer Standards And Training, 265 F.3d at 1155 (internal quotation marks and citations omitted).  Thus, Wimberly has not established that he had a legitimate expectation of privacy in the information regarding his criminal conduct.

Although the Court need not reach the second and third factors of test for determining whether the information is protected, the Court notes that it does not believe Wimberly could meet those factors.  The disclosure served a compelling state interest in that it communicated criminal activity to the victim of a crime.  Furthermore, the City communicated the information in a very unintrusive manner by disclosing the information only to a representative of DirecTV, the victim, rather than disclosing the information in a more public manner.  Thus, the Court concludes that Wimberly did not have a constitutionally protected privacy interest with respect to his admission to engaging in criminal activity.

Wimberly also argues that the City violated his right to privacy by disclosing the information concerning any discipline that resulted from his illegal conduct. When the Court reviews the record, however, it does not believe that there are facts to support Wimberly's contention that the City

-6-

disclosed information regarding Wimberly's discipline.  In fact, it is not clear from the record that Wimberly was disciplined.  The memorandum in the record regarding discipline only mentions Officer Gilbert Salguero by name.  See Investigative Summary (dated September 28, 2001).  The summary states that "[a] total of eight officers have been identified and have been disciplined by the Clovis PD. Discipline ranged from termination of Salguero, written reprimands and three-day suspension without pay."  Id.  This memorandum does not name Wimberly or specifically state that he was one of the officers that the Department disciplined.  Thus, the Court does not believe that the factual record before the Court indicates that intimate or highly personal information about Mr. Wimberly or the fact that he was disciplined was disclosed.[1]  Thus, there is no constitutional right to privacy with respect to that information.

## II.   **WIMBERLY DOES NOT HAVE A PROTECTED LIBERTY INTEREST.**

Wimberly contends that he had a constitutionally protected liberty interest in his reputation such that the City should have provided him with a name-clearing hearing prior to releasing information that he had committed a crime.[2]  He also contends that the information that the City disclosed prevented him from obtaining employment with Federal Express.  The Tenth Circuit has addressed such claims where a plaintiff alleges infringement of "a liberty interest in [one's] good name

---

[1] At the hearing on this motion, the City's counsel asked Wimberly to point to evidence in the record that the City disclosed information specifically regarding Wimberly's discipline.  See Transcript of Motion Hearing at 27:5-11 (June 23, 2004)("Transcript").  Wimberly did not do so.

The Court notes that its citations to the transcript refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

[2] At the hearing, Wimberly conceded that there is no significant difference between his asserted liberty and property interests.  See Transcript at 25:14-19.  He also agreed with the Court that his claim is largely one for due process.  See id. at 25:20-22.

and reputation as it affects [one's] property interest in continued employment." Stidham v. Peace Officer Standards And Training, 265 F.3d at 1153. The Tenth Circuit has established a four-part test to determine whether such alleged infringement is actionable.

"First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published." Id. (citing Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994)). Although there may be issues with respect to the first, third, and fourth factors, there is no genuine issue of material fact whether the City's statements regarding Wimberly's criminal conduct were false. The City provided DirecTV's agent with Wimberly's own written statement describing his illegal use of the access card. Wimberly has admitted that he knew he was admitting to criminal conduct. See Deposition of Jerry Wimberly at 79:12-16 (taken February 23, 2004)("Q. Now, at the time you were writing out the statement, you knew that you were admitting to criminal conduct? A. Yes, ma'am, I did do -- there was some wrongdoing there."). Thus, Wimberly has not, as a matter of law, stated a claim for violation of a liberty interest.

## III.   **WIMBERLY DOES NOT HAVE A PROTECTED PROPERTY INTEREST.**

Wimberly's contention that the City deprived him of a constitutionally protected property interest appears to be based on allegations that the City released information to DirecTV in violation of City policies, which resulted in a civil suit by DirecTV and a lost opportunity to work for Federal Express. There does not appear to be a claim based on Wimberly's property interest in his continued employment with the Police Department, because he resigned. Wimberly bases his property interest argument on several of the City's written policies.

-8-

Policy 812 of the City of Clovis Policy Manual provides that: "No City employee (line or supervisor) will be at liberty to release references of any type, i.e. work habits, financial or personal, on a co-worker. Any inquiries on an employee must be referred to the Human Resources Department. Violations of this policy will result in disciplinary action." The Court does not believe that Policy 812 applies to this case. The policy prohibits employees from releasing references related to other employees' work habits, financial matters, or personal matters. According to the policy, only the Human Resources Department can release such information. Violations of the policy result in disciplinary action. That the City does not allow coworkers to give work references or other personal information does not create a property interest in that information for the employees. It means that the employees are subject to discipline if they violate they policy.

Policy 904 provides that "[n]o activity during off-duty hours shall be cause for discipline except as it falls under one of the causes listed in Paragraph 301." Paragraph 301 is broad and mentions integrity and reliability and other things that might undermine the public confidence in police officers.

> In performing their duties and in their many contacts with the public, city employees should be continuously aware that the impression of city government which the public forms is based upon their manner, appearance, speech and conduct. Consequently, city government is dependent upon standards of reliability, integrity, industriousness, helpfulness, courtesy, efficiency, patience, grooming, dress and language which are appropriate to the work situation and acceptable to the majority of the community. A public employee away from the job shall exercise behavior that will not interfere with his performance on the job or undermine the public confidence to the point that his job performance or the service provided to citizens is diminished.

City of Clovis Policy Manual, Policy 301. Criminal activity by a police officer is behavior that could undermine the public confidence. Wimberly, as a police officer, does not enjoy a property right to commit a crime and avoid discipline, even if that crime is committed during off-duty hours and does

not directly interfere with his job duties.

IV.   **BECAUSE WIMBERLY DOES NOT HAVE PROTECTED PROPERTY OR LIBERTY INTERESTS, NO PROCEDURAL OR SUBSTANTIVE DUE PROCESS <u>VIOLATION COULD HAVE OCCURRED.</u>**

The Tenth Circuit has stated that, "[i]n order to present a claim of denial of substantive due process by a discharge for arbitrary or capricious reasons, a liberty or property interest must be present to which the protection of due process can attach." <u>Clinger v. New Mexico Highlands University, Bd. of Regents</u>, 215 F.3d 1162, 1167 (10th Cir. 2000). The Court has found that Wimberly did not have either a liberty or a property interest in this case. Substantive due process cannot serve as a catch-all claim in the absence of a constitutional right.

With respect to Wimberly's procedural due process claim, there does not seem to be a dispute that Wimberly voluntarily resigned from his employment. He is not claiming that the City terminated him without affording him a hearing. The City did not terminate him at all. Furthermore, because Wimberly has admitted the conduct at issue, there was nothing to be gained from a hearing before disclosure of the information to DirecTV. No hearing could change the quality of the information. Because the Court has found that such information was not constitutionally protected by any privacy right, no hearing was required before disclosure.

V.   **WIMBERLY HAS NOT STATED A CLAIM FOR MUNICIPAL LIABILITY <u>AGAINST THE CITY.</u>**

Although the Court has found that Wimberly does not have any constitutionally protected interests, and that the City's conduct therefore could not constitute a constitutional violation, the Court also notes that it does not believe that Wimberly has established a claim for municipal liability against the City. Because the City is the sole defendant in this action, the factors that the Supreme

-10-

Court of the United States set forth in Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), apply.  Under Monell, Wimberly must establish that the alleged deprivations resulted from the City's policies or customs.  See Monell v. Department of Social Services of City of New York, 436 U.S. at 690-92.  A municipality cannot be liable under § 1983 simply because it employs a tortfeasor.  See id. at 691.

Wimberly has not alleged facts sufficient to raise a genuine issue of material fact whether the conduct he complains of was pursuant to City custom or policy.  Indeed, he argues that the Police Department did not follow its own policies.  Thus, the standards necessary to hold the City liable for the actions of its employees are not met.  The Court cannot attribute the conduct at issue in this case to the City itself.  Accordingly, the Court does not believe that the record would support municipal liability.  The Court will grant the City's motion for summary judgment on Wimberly's § 1983 claims.

## VI.   THE COURT WILL REMAND THE REMAINING STATE LAW CLAIM TO STATE COURT.

The remaining claim in this case is a state law claim for breach of contract.  The contract claim involves City policies and the interpretation of state law.  This Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.  The decision to exercise supplemental jurisdiction is within the Court's discretion.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); Archuleta v. Lacuesta, 131 F.3d 1359, 1368 n.4 (10th Cir. 1997).

The breach of contract claim raises a number of issues about how New Mexico will treat general policy statements, and whether they are non-promissory or whether they constitute an implied contract.  The question also remains whether the City violated those provisions.  The Court believes it is most appropriate for a state court to review the Clovis Police Department's general orders and

policies and to determine whether they constitute an implied contract under state law and whether there was a violation in this case.  Accordingly, the Court will decline to exercise supplemental jurisdiction over the state claim, will dismiss the federal claims, and will remand the case and the state claim back to state court.

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment is granted in part. The Court will grant the Defendant's motion with respect to the Plaintiff's federal claims under 42 U.S.C. § 1983.  The Court will remand the remaining state law claim to the Ninth Judicial District Court for the State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Eric D. Dixon
Portales, New Mexico

     *Attorney for the Plaintiff*

Virginia Anderman
Miller Stratvert P.A.
Albuquerque, New Mexico

     *Attorney for the Defendant*