## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JERRY WIMBERLY,

      Plaintiff,

vs.                                                   No. CIV-03-0871 JB/KBM

THE CITY OF CLOVIS, a municipality
existing under the laws of the State of
New Mexico,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Award of Attorney Fees, filed July 30, 2004 (Doc.38).  The primary issue is whether Plaintiff Jerry Wimberly's federal claim was so frivolous that the Court should award Defendant City of Clovis ("the City") attorney's fees.  Because the Court concludes that this case does not constitute the rare circumstances that justify awarding fees to the prevailing defendant, the Court will deny the motion.

### PROCEDURAL BACKGROUND

Plaintiff Jerry Wimberly filed a lawsuit on March 21, 2002, naming the City as the sole Defendant.  The lawsuit consisted of two counts.  First, Count I was a claim brought under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when the City disclosed information to a DirecTV representative, including a copy of Wimberly's written statement that included an admission of illegally accessing satellite TV services from DirecTV, as well as his social security number, home address and home telephone number.  Wimberly contended that this disclosure of "personal information" violated his constitutional right of privacy.  Wimberly further alleged that this violation

was in furtherance of an established municipal policy or practice of violating the employees' privacy rights.  See Complaint ¶¶ 14-16, at 2-3, filed June 19, 2003 in the Ninth Judicial District, Curry County, State of New Mexico, No. 2003-CV-00222, attached to Notice of Removal, filed July 24, 2003 (Doc. 1).  Wimberly also alleged that this release of "confidential information" violated his property interest in his continued employment and his liberty interest in his reputation.  See id. ¶¶ 17-18, at 3.

Second, Wimberly brought a state law claim for breach of contract, alleging that the City had failed to follow its policies and procedures when it disclosed this information.  See id. ¶¶ 26-27, at 4-5.

The City filed a motion for summary judgment on April 15, 2004 (Doc. 18).  Although a motion on the ground that there was no City policy or pattern of practice, or that the City's chief policymakers had not made the decision, would have been sufficient to justify the Court's judgment in the City's favor on the constitutional claims, the City chose to present both that ground and the ground that there was no constitutional violation to prevent Wimberly from seeking leave to amend his complaint to name an individual defendant, in which case the issue whether the disclosure violated a constitutional right would have been adjudicated.  See Memorandum in Support of Defendant's Motion for Attorney Fees at 4 & n.1, filed April 15, 2004 (Doc. 19).

On June 23, 2004, the Court conducted an oral hearing on the City's motion for summary judgment and on the Plaintiff's Motion to Strike the Affidavit of Dan Blair; the City had filed Blair's affidavit in support of its motion for summary judgment.  On July 1, 2004, the Court filed its written Memorandum Opinion and Order granting the City's motion on all aspects of the § 1983 claims, finding no constitutional right to privacy in the information disclosed, and no breach of a property or

liberty interest as a matter of law (Doc. 35).  Given that the Court had dismissed the only federal claims, the Court declined to exercise its supplemental jurisdiction over the state law claim for breach of contract.

In its twelve-page Memorandum Opinion and Order, the Court discussed the applicable law and concluded that Wimberly failed to create a genuine issue of material fact as to his § 1983 claim. In his Memorandum in Support of Plaintiff's Response, Wimberly notes that the Court, in its Memorandum Opinion and Order, does not opine that the civil rights action was frivolous or use the term frivolous.

The City moves the Court, pursuant to D.N.M.LR-Civ. 54.5 and to 42 U.S.C. § 1988, to award reasonable attorney's fees to it as the prevailing party on the § 1983 claims that Wimberly advanced against the City.  The City seeks an award of attorney's fees related only to work performed on the federal claims under Count I.  The City seeks recovery of its attorney's fees in the amount of $7,175.14 based on the successful defense of § 1983 claims and on the lack of any reasonable legal basis to assert such claims.  The City contends that the § 1983 claims were "frivolous."

In his response, Wimberly alleges that the City's request for attorney's fees should be dismissed because the City did not comply with D.N.M.LR-Civ 7 by "fil[ing] the Motion before seeking concurrence of counsel."  D.N.M.LR-Civ. 7.1(a).  See Memorandum in Support of Plaintiff's Response at 1, filed August 16, 2004 (Doc. 41).[1]  According to Wimberly, the City's statement: "This

_____

[1] Wimberly asserts that the City did not comply with local rule 7.1 and 7.4(a).  The Court notes, however, that local rule 7.4(a), which requires the movant to seek concurrence "at least three (3) working days before filing a motion," applies only to parties proceeding *pro se*.  D.N.M.LR-Civ 7.4(a).  Because Wimberly is not a *pro se* litigant, the Court will not consider local rule 7.4(a) in evaluating this motion.  At the hearing on this motion, Wimberly, through his counsel Mr. Dixon,

motion is believed to be opposed by Plaintiff's counsel, Eric Dixon," is insufficient to comply with

the local rules.  See id.  In its reply, however the City provided a letter, dated July 14, 2004, in which

the City's counsel addressed the City's intention to seek costs and fees.  That letter states:

> Also, I plan to file a Motion for Attorney Fees.  It will be the City's position that the federal claim you asserted was frivolous because there was no law to support your position that information concerning commission of a crime was confidential under the Constitution.  I will assume you will oppose this Motion unless you inform me otherwise by July 15.

See Letter from Virginia Anderman to Eric D. Dixon at 1 (dated July 14, 2004).  The City contends

that Wimberly did not respond to the July 14th letter in writing or otherwise.  The City filed this

motion on July 30, 2004.

Wimberly alleges that the § 1983 claim was not frivolous and, therefore, that the Court should

deny the City's motion for attorney's fees.  In support of this contention, Wimberly notes that the

City offered to settle the lawsuit on two separate occasions, February 18, 2004 and February 24,

2004.  Wimberly contends that, if the City believed the federal claim to be frivolous, it should have

sought immediate dismissal, rather than offer settlements on the lawsuit.  The City represents that it

offered the "nuisance sum" of $2,500.00 in an effort to avoid having to take depositions or to file any

motions.

In addition, Wimberly contends that the attorney's fees lack merit.  To support this allegation,

Wimberly notes that, as part of its fee application, the City requests reimbursement for a telephone

call on February 18, 2004 for "[t]elephone conference with Attorney Dixon regarding extension on

---

withdrew his allegation that the City failed to comply with local rule 7.4(a).  See Transcript of Hearing on Defendant's Motion for Attorney Fees at 10:15-19 (taken December 1, 2004)(The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.).

Defendant's discovery responses."  Wimberly alleges he should not be responsible for fees incurred by the City due to its counsel need for extended time to respond to discovery requests.

Wimberly denies generally the motion's allegations, but does not specifically explain what facts are in dispute.

### STANDARD FOR AN AWARD OF ATTORNEY'S FEES TO A PREVAILING DEFENDANT

The City seeks an award of attorney's fees under 42 U.S.C. § 1988, which gives a court the discretion to award reasonable attorney's fees to the prevailing party in a civil rights lawsuit.  The standard for awarding attorney's fees to a prevailing defendant in a civil rights lawsuit differs quite significantly from the standard for awarding fees to the plaintiff prevailing.  See Seeds v. Lucero, 207 F.Supp.2d 1297, 1298 (D.N.M. 2002)(Black, J.)(citing Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000) and Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). Usually, the prevailing plaintiff is entitled to such attorneys fees.  See Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000).  A prevailing defendant, however, is entitled to attorney's fees when the "plaintiff's action was frivolous, unreasonable, or without foundation . . . ."  Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1979); Mitchell v. City of Moore, 218 F.3d at 1203 ("[A] prevailing defendant in a civil rights action may recover attorney fees only "if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'")(quoting Utah Women's Clinic, Inc. v. Leavitt, 136 F.3d 707, 709 (10th Cir. 1998)(per curiam)).

In setting forth the standard in Christiansburg, the Supreme Court of the United States emphasized that "a district court [must] resist the understandable temptation to engage in post hoc

reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. at 422. Such logic would "discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." Id. at 421. The United States Court of Appeals for the Tenth Circuit has stated that only in "rare circumstances" is "a suit . . . truly frivolous so as to warrant an award of attorney['s] fees to the defendant." Clajon Prod. Corp. v. Petera, 70 F.3d 1566, 1581 (10th Cir. 1995). The dismissal of claims at the summary judgment stage does not automatically meet the stringent standards for imposing attorney's fees for the defendant. See Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995).

The case law thus holds that it is in rare circumstances that a claim is so unreasonable or without foundation as to justify an award of fees. Although a Court should not make an award lightly, it nevertheless follows that there are cases where fees are justified.

In Salguero v. City of Clovis, No. CIV 02-0319 WJ/LCS (D.N.M.), Mr. Dixon filed a lawsuit against the City on March 21, 2002, alleging claims on behalf of Gilbert Salguero, another City police officer. Salguero alleged his employment was terminated as a result of allegations that City police officers were illegally accessing DirecTV services, which stemmed from the same investigation at issue in this case. On April 22, 2003, the Honorable William P. Johnson, United States District Judge for the District of New Mexico, granted the City's motion to dismiss for failure to state a claim on the § 1983 claim's invasion of privacy, deprivation of a liberty interest during the termination of Plaintiff's employment, and violation of Miranda Rights. See Memorandum Opinion and Order Granting Defendant's Motion to Dismiss, or, Alternatively, for Summary Judgment at 21-28, filed April 22, 2003 (Doc. 63). In so holding, Judge Johnson explained:

> Nothing in Plaintiff's Complaint mentions the equal protection clause of the Fourteenth Amendment. . . . [Moreover,] [n]othing in Plaintiff's Complaint even hints at claims for invasions of privacy, deprivation of a liberty interest, or violation of Miranda Rights.  All of these claims are premised on factual allegations asserted for the first time in Plaintiff's response. . . . Because there is not even a remote allusion to such allegation in the Complaint and no reference to the legal bases for these claims, nothing in the Complaint would have given Defendant notice that it would need to conduct discovery on or defend such claims.  Therefore, Defendant is entitled to have such claims dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

See id. at 22.  Judge Johnson also held the doctrine of collateral estoppel precluded plaintiff's substantive due process claim based on the plaintiff's administrative appeal process.  Judge Johnson dismissed the plaintiff's procedural due process claim because the plaintiff submitted contradictory statements in an affidavit, comprising "an attempt to create a sham of fact."  Id. at 3.  On May 6, 2004, the Tenth Circuit affirmed Judge Johnson's decision.  See Salguero v. City of Clovis, 366 F.3d 1168, 1171 (10th Cir. 2004).[2]  On May 23, 2004, the City filed a motion for attorney's fees to recover fees incurred in litigating the § 1983 claim.  Judge Johnson granted Clovis' attorney's fees following his decision in favor of summary judgment for the City on the grounds that Wimberly had advanced frivolous claims that were brought to vex or harass the City, and had tried to create sham issues of fact.[3]

---

[2] Wimberly notes that, in the Tenth Circuit's decision, it does not state that the case was frivolous.

[3] On the other hand, Wimberly's counsel has successfully sued the City for violating the civil rights of its employees.  See  McCallie v. City of Clovis, No. CIV-03-0235 LCS/KBM (D.N.M.)(dismissing complaint with prejudice based on settlement agreement between parties); Boden v. City of Clovis, 99-CV-00897 (D.N.M.)(dismissing complaint with prejudice based on settlement agreement between parties).

## ANALYSIS

The Tenth Circuit has indicated that it is the rare case where a court awards attorney's fees to a prevailing defendant in civil rights litigation. <u>Mitchell v. City of Moore</u>, 218 F.3d at 1203. A court may, however, award attorney's fees if the "plaintiff's action was frivolous, unreasonable, or without foundation . . . ." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. at 421. Because the Court concludes that Wimberly's § 1983 claims were not brought frivolously, unreasonably, or without foundation, the Court will deny the City's motion for attorney's fees.

## I.   THE COURT WILL NOT DISMISS THE CITY'S MOTION FOR FAILURE TO FOLLOW THE LOCAL RULES.

Wimberly's first ground for objecting to the City's motion lacks a correct factual predicate. Wimberly contends that the Motion does not comply with D.N.M.LR-Civ. 7.1(a), in that the City did not determine whether Wimberly opposes its motion. A review of the record, however, indicates that the City did consult well in advance of filing the motion.

While it is difficult to imagine under what circumstances a plaintiff would consent to a defendant's motion for attorney's fees in a § 1983 action, a prevailing defendant still must fully comply with the local rules. While the Court may forgive a one-time oversight, the better practice is for opposing counsel to talk before filing a motion. Good things often happen when lawyers talk to each other, even if a motion is eventually necessary.

Wimberly complains that this motion is not the first time that the City's counsel has attempted to circumvent the local rules. Wimberly represents that he has, on a number of occasions, pointed out rule 7.1's requirements, but that the City's counsel has repeatedly and consistently refused to comply with the local rules' mandates. Wimberly represents that the City's counsel did not follow

the local rules in <u>McAllie v. City of Clovis</u>, No. CIV-03-0235 LCS/KBM and in this case.

This is not the time to determine historical facts, some of which may involve other cases. It is sufficient for this motion's purposes that the Court declines to deny the motion for failure to fully comply with the requirements of the New Mexico District's local rules.

Any denial under local rule 7.1 would normally be without prejudice, assuming that a second motion would be timely. But here, Wimberly asks that the Court dismiss the motion with prejudice. To do so, the Court must turn to the merits of the motion. Not surprisingly, Wimberly opposes the motion. Because the Court finds that the City complied with the local rules, and because Wimberly clearly opposes the motion in his response, the Court will address the substance of the motion.

## II.   WIMBERLY'S CLAIM UNDER 42 U.S.C. § 1983 DOES NOT CONSTITUTE ONE OF THE RARE CIRCUMSTANCES THAT JUSTIFY A FEE AWARD TO THE <u>DEFENDANT</u>.

The mere fact that the City was the prevailing party does not make an award of attorney's fees automatic. On the other hand, the fact that the Court spent twelve pages discussing the issues that the motion for summary judgment raised does not mean that the case is not frivolous. And the impact of Judge Johnson's decision in <u>United States v. Salguero</u> is unclear.

This Court is not thoroughly familiar with the facts and circumstances in <u>United States v. Salguero</u>, and so it is hesitant to rest its decision in this case on the matter of attorney's fees in part on Judge Johnson's decision. This Court notes, however, that the facts and allegations at issue in <u>United States v. Salguero</u> are different than in the case at hand. In particular, the plaintiff in <u>United States v. Salguero</u> alleged that the City of Clovis wrongfully terminated him based on the allegations of his illegal involvement with the DirecTV scheme.

Moreover, the Complaint in <u>United States v. Salguero</u> did not allege violation of invasion of

privacy or of deprivation of liberty interest.  In this case, however, Wimberly's complaint specifically

avers  that the City's actions "violated Plaintiff's constitutional right to privacy."  Complaint ¶ 14, at

2.  Moreover, Wimberly conceded that he voluntarily resigned from his position and did not allege

wrongful termination.

The Court also notes that whether the cases are very similar in their facts, allegations, and

legal bases would be of particular import if United States v. Salguero was decided before Wimberly

filed his Complaint.  United States v. Salguero, however, was filed on the same day as this case, and

would not have provided any precedent for the Court to consider in this case.  It is not clear to this

Court, therefore, that the resolution of United States v. Salguero, which contained different

allegations and legal analyses, has much helpful, if any, bearing on the resolution of this motion.

Wimberly argues that the City's contention that the lawsuit was frivolous rings hollow when

in fact the City made an offer of settlement.  Wimberly argues that if the City believed that the federal

claims were frivolous, its counsel had a duty to her client to seek dismissal immediately rather than

make settlement offers.  But Wimberly's position is contrary to rule 408 of the Federal Rules of

Evidence, which states: "Evidence of (1) furnishing or offering or promising to furnish, or (2)

accepting or offering or promising to accept, a valuable consideration in compromising or attempting

to compromise a claim which was disputed as to either validity or amount, is not admissible to prove

liability for or invalidity of the claim or its amount."  Wimberly's assertion violates this rule, as what

he is attempting to do is to argue that an offer of settlement is evidence of the claim's validity.

Moreover, realistically, the $2,500.00 offer would appear to be a nuisance value offer, intended to

prevent the need to incur more fees for the client rather than an acknowledgment that the federal

claims had merit.

There is no simple solution for the difficult task of determining whether a dismissed claim is frivolous.  The decision is not automatic because of an early decision, it is also not made by counting pages of the dismissal decision, and it is not made by improperly looking at prior settlement discussions.  The better approach is to look at the case law upon which the Court relied to make its decision to dismiss the claim and ask whether the plaintiff, if he had looked at the same case law, would have filed the same claim that he did and whether that claim would, in light of that case law, have been frivolous, unreasonable, and without any foundation.

The underpinning of Wimberly's claim was that he was entitled to assert a constitutionally based privacy interest in information admitting to criminal activity.  The Court did not need to find that Wimberly's claim was frivolous to determine that the City was entitled to judgment as a matter of law.  The Court examined all of the existing precedent it could find in reaching its conclusion.  The Court did not find, however, authority that supported Wimberly's theory.  And the Court found a number of cases that indicated the opposite -- that such information was not constitutionally protected.

Had Wimberly examined the basic case law in advance of filing suit, the Court cannot say that he still would not have brought the federal claim.  This analysis seems to be a good way to define a nonfrivolous claim.  Within the law, there was a reasonable basis to advance the claim.  When the Court examines Wimberly's constitutional right to privacy claim, for example, Wimberly must establish that he had a constitutionally protected right with regard to his admission that he engaged in illegal use of the DirecTV card.  Under Stidham v. Peace Officer Standards And Training, 265 F.3d 1144 (10th Cir. 2001), "criminal activity is not protected by the right of privacy."  Id. at 1155. Wimberly, however, brought the privacy claim, in part, under the theory that the investigation

-11-

conducted by the police department  was not a criminal investigation.  See Plaintiff's Memorandum

in Opposition to "Defendant's Memorandum Brief in Support of Motion for Summary Judgment at

11 (filed May 3, 2004 (Doc. 22); Transcript of Hearing on Defendant's Motion for Summary

Judgement at 22:4-17 (taken June 23, 2004).[4]  In essence, Wimberly urged the Court to extend the

current law to hold that in-house investigations of criminal activity do not constitute a criminal

proceeding and are not within the holding of Stidham v. Peace Officer Standards And Training.  Even

though this argument ultimately proved to be unsuccessful on the merits, the Court is unwilling to

hold that, at the time the complaint was brought, such an extension in the law was frivolous or wholly

without merit.   Similarly, in regard to Wimberly's other claims, although the Court notes that

although some of the claims are not particularly strong or well-supported, the Court cannot conclude

that it was unreasonable for Wimberly to bring such claims based on current caselaw.

        Certainly there were cases which suggested that Wimberly could not bring a federal

constitutional claim.  See, e.g., Stidham v. Peace Officer Standards And Training, 265 F.3d. at 1155.

The City, in support of its motion, notes that Wimberly, in light of this precedent, did not argue for

such an extension in law.   It is uncommon, however, that parties will expressly state that they have

no precedent directly on point to support their proposition.  Instead, by providing the law and the

facts, the parties will, implicitly, ask the court to extend the law to meet their facts.  But implicit in

Wimberly's arguments was a request for an extension of existing law.

        One of the problems with Wimberly's § 1983 claim was that he did not allege or offer in his

response to the City's motion for summary judgment facts that would suggest the City would be liable

---

[4] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

for a claim.  The Supreme Court, over 24 years ago, in <u>Monell v. Dep't of Social Serv.</u>, 436 U.S. 658, 694 (1977), held that a governmental entity cannot be held liable on a respondeat superior basis for its employees' acts.  The law is also clearly established that a municipality is a viable defendant under § 1983 only if the alleged constitutional violation results from the municipality's pattern or practice, or a final policymaker for the governmental entity made the decision to violate the rights in question.

It is true that Wimberly did not satisfy these standards in his Complaint or in his response to the Motion for Summary Judgment.  But the <u>Monell</u> standard is very difficult for any plaintiff to reach.  Even plaintiffs that proceed to trial against individual defendants often are unable to keep the municipality in the case.  The Court cannot say that Wimberly's claims are frivolous merely because he too was unsuccessful.

The Court thus cannot say that the nature of Wimberly's claim is frivolous as a matter of law such that it justifies an award of fees.  This case's circumstances do not justify an award of fees under the Tenth Circuit's elevated standard.  The Court cannot say that the claims that Wimberly advanced were not reasonable under the law and lacked any legal basis.

The Court is concerned that the City has filed this motion, not necessarily because Wimberly's § 1983 claim was frivolous, but because this is not the first time that the City has had to respond to claims that this counsel has filed.  Once again, the City finds itself responding to federal claims that it believes lack any reasonable basis.  But this is not the time to decide historical facts, some of which involve other cases.  The Court's task is not to determine conduct in other cases, but to determine the basis for this claim.  And the Court does not agree with the City that Wimberly's claims were frivolous or that Wimberly brought his claims to vex or to harass the City.  The facts do not suggest

-13-

that the Court should assess fees or otherwise sanction Wimberly's counsel to prevent him from

bringing further frivolous claims against the City.  The City has not offered sufficient basis from which

the Court should find fees are justified.

   **IT IS ORDERED** that the Defendant's Motion for Award of Attorney Fees is denied.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Eric D. Dixon
Attorney and Counselor at Law, P.A.
Portales, New Mexico

   *Attorney for the Plaintiff*

Virginia Anderman
James Wood
Miller Stratvert P.A.
Albuquerque, New Mexico

   *Attorneys for the Defendant*